**ORIGINAL**

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Arlene M. Embrey
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
202-205-6976
Email: arlene.embrey@sba.gov



06-49

FILED
MAR - 2
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

FILED
MAR 1 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WHITE PINES LIMITED PARTNERSHIP I,<br><br>Defendant | Civ. Action No. **06 - 10857**<br><br>BERNARD A. FRIEDMAN |

### CONSENT ORDER

Before this Court is the motion by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for White Pines Limited Partnership I ("White Pines" or "Defendant"). The Court, being fully advised in the merits, and having been

\\\DC - 21955/0001 - 2262685 v2

informed that White Pines has consented to the relief requested in the motion, hereby:

**ORDERS, ADJUDGES AND DECREES THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of White Pines Limited Partnership I ("White Pines" or "Defendant"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of White Pines to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of White Pines's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of White Pines under applicable state and federal law and by the Certificate and Limited Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of White Pines are hereby dismissed. Such persons shall have no authority with respect to White Pines's operations or assets, except as may hereafter be expressly granted by the Receiver. The Parties acknowledge that the individual managers of Woodlot Management, LLC, the management company of White Pines, have offered to continue as compensated consultants to White Pines to the extent and on such terms as the Receiver may accept. The Receiver shall assume and control the operation of White Pines and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of White Pines, as well as all those acting in their place, are

hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal, upon receipt of instructions by the Receiver regarding the time and place of such production. White Pines shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of White Pines as well as the names, addresses and amounts of claims of all known creditors of White Pines. All persons having control, custody or possession of any assets or property of White Pines, including White Pines's general partner and management company, are hereby directed to turn such property over to the Receiver.

    4.    The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of White Pines. All persons and entities owing any obligations or debts to White Pines shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if White Pines had received such payments.

    5.    The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of White Pines, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the Receivership including, but not limited to, attorneys and accountants; and is further authorized to expend Receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of Receivership funds for payments to personnel employed by the Receiver or payments for expenses

incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the Receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.      White Pines's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the Defendant's portfolio of small business concerns, and banks or other financial institutions doing business with Defendant and/or Defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to White Pines. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of White Pines or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to White Pines, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7.      The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving White Pines or any assets of White Pines, involving White Pines or its present or past officers, directors, managers, or general partners or the

\\\\DC - 21955/0001 - 2262685 v2

Receiver, which parties have sued or have been sued for sued for, or in connection with, any action taken by White Pines's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of White Pines, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding and the separate receivership action filed in this Court styled *United States v. Pacific Capital, LP*, involving White Pines or any of its assets or any action of any nature taken by White Pines's present or past officers, directors, managers, or general partners, which parties have sued or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. White Pines and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith shall be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of White Pines to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Secs. 661, et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. Secs. 107.1, et seq.

10. The Receiver is authorized to borrow on behalf of White Pines, from the SBA, up

to $1,000,000, and is authorized to cause White Pines to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of White Pines, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of equity holders in White Pines.

11.     This Court determines and adjudicates that White Pines has violated the capital impairment provisions of the SBIA and of the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that White Pines's license as an SBIC be revoked.

12.     The United States Small Business Administration is further entitled to a judgment against White Pines in the total sum of $8,058,603.32, including principal in the amount of $8,048,859.45 and accrued interest in the amount of $9,743.87 as of January 20, 2006, with a per diem rate of $1,217.97 up to the date of entry of this Order, plus post judgment interest

\\\DC - 21955/0001 - 2262685 v2

pursuant to 28 U.S.C. § 1961 thereafter.

**AGREED AND ACKNOWLEDGED:**

**WHITE PINES LIMITED PARTNERSHIP I**
by Woodlot I GP, L.L.C.,
   its general partner

By: _____
Its _____Chairman_____

on this __16th__ day of February, 2006.

**U.S. SMALL BUSINESS ADMINISTRATION**

By: _____
Thomas G. Morris, Director
Office of Liquidation

on this __17th__ day of February, 2006.

**MAR - 2 2006**

**SO ORDERED** this ____ day of _____, 2006.

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE

\\\DC - 21955/0001 - 2262685 v2

2:06-cv-10857-BAF-VMM   Document 1   Filed 02/27/2006   Page 1 of 9

**ORIGINAL**

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Arlene M. Embrey
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
202-205-6976
Email: arlene.embrey@sba.gov

U. S. DISTRICT COURT - DE
MISC. CASE # 06-49



FILED
MAR 1 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WHITE PINES LIMITED PARTNERSHIP I<br><br>Defendant | Case: 2:06-cv-10857<br>Assigned To: Friedman, Bernard A<br>Referral Judge: Morgan, Virginia M<br>Assign. Date: 2/27/2006 @ 12:59 p.m.<br>Description: cmp usa v. white pines<br>(tam) |

## COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA,"

"Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, White Pines Limited Partnership I (hereinafter, "White Pines" or "Defendant"), is a Michigan limited partnership currently maintaining its principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687b, and 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. Defendant was licensed by SBA as a small business investment company ("SBIC") on or about February 25, 1992, SBA License No. 05/05-0217, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. Defendant's General Partner is Woodlot I GP, LLC, which maintains its principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108. Defendant's management company is Woodlot Management, LLC, which also maintains its principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs.

SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8.  Defendant's Agreement of Limited Partnership expressly incorporates the Act and Regulations.

9.  Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $9,400,000, as follows:

a.  No. 04652451-02 in the amount of $  750,000.00 disbursed on 09/01/01;
b.  No. 04652452-00 in the amount of $  650,000.00 disbursed on 09/01/01;
c.  No. 04672951-10 in the amount of $2,000,000.00 disbursed on 03/01/03;
d.  No. 04672952-08 in the amount of $1,500,000.00 disbursed on 03/01/03;
e.  No. 04672953-06 in the amount of $1,500,000.00 disbursed on 03/01/03;
f.  No. 04672954-04 in the amount of $1,500,000.00 disbursed on 03/01/03;
g.  No. 04672955-02 in the amount of $1,500,000.00 disbursed on 03/07/03.

As of January 20, 2006, there was $8,058,603.32 in Debenture Leverage outstanding, including principal in the amount of $8,048,859.45 and accrued interest in the amount of $9,743.87 with a per diem rate of $1,217.97.

11. The Debentures described in paragraph 10, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provisions of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

12. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

Regulations, all of the rights, privileges and franchises of a Licensee such as Defendant may be forfeited and the company may be declared dissolved.

13. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as Defendant, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as Receiver for such Licensee.

## COUNT ONE
## CAPITAL IMPAIRMENT

14. Paragraphs 1 through 13 are incorporated by reference as though fully set forth herein.

15. Based on the SBA Form 468 submitted by Defendant for the period ending March 31, 2004, SBA determined that Defendant had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 100%. The maximum allowed capital impairment percentage for SBICs such as Defendant under the Regulations is 55%.

16. By letter dated May 21, 2004 SBA notified Defendant that it was in violation of Section §107.1830(c) due to its excessive capital impairment ratio.

17.    Pursuant to Sections 107.1820(f) and 108.1810(f)(5),(g) of the Regulations, the May 21, 2004 letter gave Defendant fifteen (15) days to cure its condition of capital impairment.

18.    Defendant has failed to cure its condition of capital impairment.

19.    Based on a financial statement submitted by Defendant for the period ending September 30, 2005, SBA determined that Defendant's capital impairment ratio had risen to 137%.

20.    Defendant's failure to cure its condition of capital impairment is a violation of §107.1830(b) of the Regulations, as well as the terms of the Debenture Leverage.

21.    As a consequence of Defendant's violation of 13 C.F.R. §§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of White Pines Limited Partnership I, and is also entitled to judgment in the amount of $8,058,603.32 including principal in the amount of $8,048,859.45 and accrued interest in the amount of $9,743.87 as of January 20, 2006 with a per diem rate of $1,217.97 for each day thereafter until the date judgment is entered and post judgment interest thereon.

## CONCLUSION

**WHEREFORE**, Plaintiff prays as follows:

A.    That permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Defendant's behalf, or in concert or participation therewith, from: (1) making any disbursements of Defendant's funds; (2) using,

investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of White Pines, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B.   That this Court determine and adjudicate White Pines's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C.   That this Court take exclusive jurisdiction of White Pines and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of White Pines for the purpose of liquidating all of White Pines's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to White Pines against third parties, as appropriate;

D.   That this Court render Judgment in favor of SBA and against White Pines Limited Partnership I in the amount of $8,058,603.32, including principal in the amount of $8,048,859.45 and accrued interest in the amount of $9,743.87 as of January 20, 2006 with a per diem rate of $1,217.97 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered; and

E.   That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Date: 2-21-06   By: /s/ Ellen Christensen
Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Date: 2/21/06
Arlene M. Embrey
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
(202) 205-6976
Email: arlene.embrey@sba.gov

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose __Washtenaw__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
White Pines Limited Partnership I

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Washtenaw__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

2616

(c) Attorney's (Firm Name, Address, and Telephone Number)
Arlene M. Embrey, U.S. Small Business Administration, 409 3rd St., S.W., 7th Fl. Washington, DC 20416  (202) 205-6976

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

III.

Case: 2:06-cv-10857
Assigned To : Friedman, Bernard A
Referral Judge: Morgan, Virginia M
Assign. Date : 2/27/2006 @ 12:59 p.m.
Description: cmp usa v. white pines (tam)

Citizen or Subject of a Foreign Country  ☐ 3  ☐ 3  Foreign Nation  ☐ 6  ☐ 6

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 687(c) and (d)
Brief description of cause:
SBA receivership

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 2/23/06
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No *

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: *Two SBA receivership actions are being filed on the same date. The other matter is USA vs. Pacific Capital, LP. The principals in USA v. White Pines are the same as those in USA v. Pacific Capital.



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR WHITE PINES LIMITED PARTNERSHIP I
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

WRITER'S DIRECT TELEPHONE: (202) 205-7514                    FAX NUMBER: (202) 205-6957

March 13, 2006

Mr. Peter T. Dalleo, Clerk of the Court                VIA UPS 2ND DAY DELIVERY
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building Lockbox 18
844 North King Street                                  U. S. DISTRICT COURT - DE
Wilmington, DE 19801-3570                              MISC. CASE # 06-49

Re:     United States of America v. White Pines Limited Partnership I
        Civil Case No. 06-10857; Judge Bernard A. Friedman

Dear Mr. Peter T. Dalleo:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Eastern District of Michigan, Southern Division, has taken exclusive jurisdiction of White Pines Limited Partnership I, ("White Pines I"), and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of White Pines I may be located in your jurisdiction. We therefore are enclosing for filing copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for White Pines I, stayed all legal proceedings involving White Pines I and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to White Pines I are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp filed and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _____
Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation

FILED
MAR 1 5 2006
U.S. COURT
DISTRICT OF DELAWARE